Case 5:21-cv-00026 Document 1-2 Filed 02/26/21 Page 1 of 7 PageID #: 7

Filed: 1/26/2021 2:34 PM
Janice Gentry
District Clerk
Red River County, Texas
Reviewed By: Lorena DeLaTorre

Cause No. CV04990

| | | |
|---|---|---|
| **DANIEL BOUKNIGHT,** § | | **IN THE DISTRICT COURT** |
| § | | |
| **Plaintiff** § | | |
| § | | |
| VS. § | | **102nd JUDICIAL DISTRICT** |
| § | | |
| **MICHAEL D. HANLEY and** § | | |
| **MERCER TRANSPORTATION CO.,** § | | |
| § | | |
| **Defendants.** § | | **RED RIVER COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

   **COMES NOW,** DANIEL BOUKNIGHT, Plaintiff by and through his attorney of record, Matthew Soyars of Bailey & Galyen Law Firm, and files his Original Petition and Jury Demand complaining of Defendants, MICHAEL D. HANLEY and MERCER TRANSPORATION CO., and for his cause of action would respectfully show unto the Court and Jury as follows:

### I.
### Discovery Control Plan

   Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level II of the Discovery Control Plan.

### II.
### Parties

   Plaintiff DANIEL BOUKNIGHT last three digits of Social Security Number: 352 and the last three digits of Texas Driver's License Number: 663, is a resident of New Boston, Bowie County, Texas.

Defendant MICHAEL D. HANLEY is a resident of Goodland, Indiana and may be served with process at his residence, same being located at 130 W. Mill Street, Goodland, Indiana 47948. At all times relevant hereto, Defendant MICHAEL D. HANLEY was employed by MERCER TRANSPORTATION CO., a Defendant named herein. Defendant MICHAEL D. HANLEY worked for Defendant MERCER TRANSPORTATION CO., at the time of the accident and was responsible for the motor vehicle accident in Red River County, Texas on October 15, 2020.

Defendant MERCER TRANSPORATION CO., is a foreign company incorporated under the laws of the State of Kentucky and engaging in the commercial trucking industry. Defendant MERCER TRANSPORTATION CO., may be served with process by serving the company's registered agent for service CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140.

### III.
### Jurisdiction and Venue

The amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is proper in Red River County, Texas pursuant to section 15.002 of the Texas Civil Practices and Remedies Code. Upon proper service of the Defendants, this Court has jurisdiction and venue is proper.

### IV.
### Relief Sought

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff DANIEL BOUKNIGHT seeks "only monetary relief over $250,000 but not more than $1,000,000".

### V.
### Facts

On or about October 13, 2020, Plaintiff DANIEL BOUKNIGHT was operating a 2003 Chevrolet C1500 east on U. S. Highway 82, in Red River County, Texas. Defendant MICHAEL

D. HANLEY was operating a commercial vehicle west on U.S. Highway 82. The commercial vehicle was owned by Defendant MERCER TRANSPORTATION CO. As the two vehicles approached each other from opposite directions, Defendant MICHAEL D. HANLEY failed to drive in a single lane and his truck drifted out of his lane of travel across the center line and towards Plaintiff's vehicle. Plaintiff attempted to avoid the collision by swerving to the right shoulder, but the two vehicles violently collided.  The two vehicles struck left front to left front. Plaintiff's vehicle came to a rest on the right shoulder of the highway. Defendant's vehicle came to rest in a "jack knife" position in the ditch on the south side of the highway. The unanticipated collision caused serious injuries and damages to Plaintiff DANIEL BOUKNIGHT. In addition, the investigating officer issued a citation to Defendant MICHAEL D. HANLEY for failing to drive in single lane as a result of the accident.

## VI.
## Negligence of Defendant Michael E. Hanley

Plaintiff will show that the acts and omissions of negligence of Defendant MICHAEL D. HANLEY as set out herein, separately and collectively, were the direct and proximate cause of the incident in question and resulting injuries and damages sustained by Plaintiff DANIEL BOUKNIGHT. The acts and omissions of negligence among others are:

(a) Failing to pay attention to the roadway and give heed to his surroundings;

(b) Failing to keep a proper lookout;

(c) Failing to yield right of way;

(d) Failing to maintain control of his vehicle;

(e) Driving while distracted;

(f) Failing to timely apply brakes in order to avoid the collision;

(g) Failing to take appropriate evasive action;

(h) Operating the vehicle without devoting the time and attention to the operation of the vehicle that a person of ordinary prudence would have devoted under the same or similar circumstances; and

(i) Failing to obey all state and federal traffic rules and regulations.

Each of the foregoing acts and/or omissions, taken singularly or in combination with others constitutes negligence and was the direct and proximate cause of the injuries and damages sustained by Plaintiff.

## VII.
## Respondeat Superior

At the time of the accident described herein, Defendant MICHAEL D. HANLEY was the agent, servant and employee of Defendant MERCER TRANSPORTATION CO., and was acting within the course and scope of his authority as such agent, servant and employee. As such, Defendant MERCER TRANSPORTATION CO., is vicariously liable under the doctrine of *RESPONDEAT SUPERIOR* for all of its agent, MICHAEL D. HANLEY's actions.

## VIII.
## Negligence of Defendant Mercer Transportation Co.

Plaintiff will show the Court that the negligent acts and omissions of Defendant MERCER TRANSPORTATION CO., as set out herein, separately and collectively, were a direct and proximate cause of the incident in question which resulted in the injuries sustained by Plaintiff. The acts and/or omissions constituting negligence include:

(A) Defendant Mercer Transportation Co., failed to properly train and instruct Defendant Hanley of the need to keep a proper lookout and paying attention to the roadway when operating a commercial vehicle;

(B) Defendant Mercer Transportation Co., failed to properly train and instruct Defendant Hanley how to maintain control of this vehicle when operating a commercial vehicle; and

(C) Defendant Mercer Transportation Co., failed to properly train and instruct Defendant Hanley how to avoid such collisions by taking proper evasive including braking and steering to avoid crossing the center line into oncoming traffic.

## IX.
## Damages to Plaintiff

As a direct and proximate result of Defendant's negligence, Plaintiff suffered serious injuries to multiple parts of his body, including but not limited to head, neck, back, hip and left foot. Plaintiff was transported by ambulance to Christus St. Michael Health System in Texarkana, Texas for emergency medical treatment. He was diagnosed with a compression fracture of the T3 vertebra, cervical and thoracic strains, left corneal abrasion and abrasions to his hip and leg. Plaintiff was prescribed medication for his pain and swelling and released with instructions to seek additional medical treatment from specialists. Plaintiff sought additional treatment from Hanger Clinic and Healthcare Express. He was further diagnosed with broad base disc bulging in his cervical spine from C3 to C7 and broad base disc bulging with stenosis in his lumbar spine from L1 to S1. Plaintiff has been referred for additional treatment and epidural steroid injections. Plaintiff has suffered physical impairment and mental anguish in the past and, in all reasonable probability, will continue to do so well into the future, if not for the balance of his life. As a result of the injuries sustained, Plaintiff has incurred reasonable and customary medical expenses for reasonable and necessary medical treatment in a sum that exceeds the minimum jurisdictional limits of this Court. As a result of the foregoing, Plaintiff suffered damages from the date of the occurrence until trial, and in all reasonable probability, he will continue to suffer such damages in the future, which include but are not limited to:

(a) Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

(b) Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

(c) Physical pain and suffering in the past;

(d) Physical pain and suffering in the future;

(e) Mental anguish in the past; and

(f) Mental anguish in the future.

## X.
## Jurisdictional Limits

By reason of the above and foregoing injuries and damages, Plaintiff has been damaged in a sum that exceeds the minimum jurisdictional limits of this Court.

## XI.
## Request for Disclosure

Pursuant to Texas Rules of Civil Procedure §194.1, Plaintiff requests that each Defendant disclose the information or material described in Rule 194.2.

## XII.
## Jury Demand

Plaintiff demands a trial by jury.

## XIII.
## Prayer

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Daniel Bouknight requests that the Defendants be cited to appear and answer herein; that he be compensated for his pain, suffering and mental anguish and loss of earnings; that he be compensated for his medical care and expenses in the past and in the future; that he be awarded judgment against the Defendants in a sum in excess

of the minimum jurisdictional limits of this Court; that he be awarded pre-judgment and post-judgment interest at the maximum legal rate provided by law; that he recover his costs herein expended, such costs to include a reasonable attorney's fee; and that he receive any and all other relief to which he may be justly entitled.

        Respectfully submitted,

        **BAILEY & GALYEN**
        4526 Summerhill Road
        Texarkana, Texas 75503
        Telephone: 903-306-2944
        Facsimile: 903-306-2649
        Email: msoyars@galyen.com

        /s/ Matthew Q. Soyars
        Matthew Q. Soyars
        Texas Bar No. 24037534

        **Attorney for Plaintiff Daniel Bouknight**